**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 2 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KIMBERLY MAYO**                                                          **PLAINTIFF**

vs.                                     No. 4:20-cv-1331- BRW

**HAGOOD HOLDINGS, LLC,**                                         **DEFENDANTS**
**JULIE HAGOOD and JARRED HAGOOD**

This case assigned to District Judge Wilson
**ORIGINAL COMPLAINT**    and to Magistrate Judge Harris

COMES NOW Plaintiff Kimberly Mayo ("Plaintiff"), by and through her attorneys Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint ("Complaint") against Defendants Hagood Holdings, LLC, Julie Hagood and Jarred Hagood (collectively "Defendant" or "Defendants"), she states and alleges as follows:

**I.   PRELIMINARY STATEMENTS**

1.   This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.   Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

3.   Plaintiff also brings this action for breach of contract.

4. Plaintiff seeks monetary damages, including prejudgment and post-judgment interest, as a result of Defendant's failure to perform under the "RN Supervisor Hire Agreement."

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. This Complaint also alleges AMWA violations and a breach of contract claim, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claim and breach of contract claim pursuant to 28 U.S.C. § 1367(a).

7. Plaintiff was employed by Defendant within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and resident of Pulaski County.

9. Separate Defendant Hagood Holdings, LLC ("Hagood Holdings"), is a domestic limited liability company.

10. Defendant's registered agent for service is Legalinc Corporate Services, Inc., at 900 SE 5th Street, Suite 22, Bentonville, Arkansas 72712.

11. Separate Defendant Julie Hagood ("Julie Hagood") is an individual and resident of Arkansas.

12. Separate Defendant Jarred Hagood ("Jarred Hagood") is an individual and resident of Arkansas.

13. Defendant does business as "allheart Senior Care of Arkansas."

14. Defendant maintains a website at https://www.allheartar.com/.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Julie Hagood is a principal, director, officer, and/or owner of Hagood Holdings.

17. Julie Hagood took an active role in operating Hagood Holdings and in the management thereof.

18. Julie Hagood, in her role as an operating employer of Hagood Holdings, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19. Julie Hagood, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

20. Jarred Hagood is a principal, director, officer, and/or owner of Hagood Holdings.

21. Jarred Hagood took an active role in operating Hagood Holdings and in the management thereof.

22. Jarred Hagood, in his role as an operating employer of Hagood Holdings, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

23. Jarred Hagood, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

24. Julie Hagood acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

25. Jarred Hagood acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

26. Hagood Holdings acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

A.   **Unpaid Wages**

27. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

28. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and medication.

29. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the

retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

30. Defendant provides in-home care for senior patients.

31. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

32. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

33. Specifically, Defendant employed Plaintiff as a nurse from November of 2018 until August of 2020.

34. Defendant classified Plaintiff as non-exempt from the FLSA and paid her an hourly rate.

35. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

36. Plaintiff regularly worked over forty hours per week.

37. Plaintiff regularly worked hours for which she was not paid.

38. Plaintiff kept her time on paper timesheets, per Defendant's practices, and turned them in each week.

39. Plaintiff recorded her time accurately on the timesheets.

40. Defendant only paid Plaintiff for up to forty hours of work each week, regardless of whether Plaintiff worked hours over forty.

41. If Plaintiff worked less than forty hours, Defendant paid her for less than forty hours, but Plaintiff was never paid for hours worked over forty per week.

42. In 2019, Plaintiff worked 106 hours which went uncompensated.

43. In 2020, Plaintiff worked 170 hours which went uncompensated.

44. Because Plaintiff was required to work hours which went uncompensated, Defendant failed to pay Plaintiff a lawful overtime premium for all hours worked over forty each week.

45. Defendant knew or should have known that Plaintiff was working additional hours off-the-clock for which she was not compensated.

46. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked over forty per week.

47. In addition to the hourly wage, Defendant's compensation package included a $40.00 bonus each time Plaintiff performed an in-home assessment ("assessment bonus").

48. Plaintiff regularly earned and was paid the assessment bonus, although Defendant did not pay her all bonuses earned.

49. The assessment bonus was nondiscretionary because Defendant informed Plaintiff of the assessment bonus upon hiring and Plaintiff expected to receive the bonus.

50. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

51. All forms of compensation, such as the assessment bonus, should be included in the regular rate when calculating Plaintiff's overtime pay.

Page 6 of 12
Kim Mayo v. Hagood Holdings, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-_____
Original Complaint

52. In addition to the hourly wage and the assessment bonus, Defendant's compensation package included commissions of $100.00 each time Plaintiff signed up a "Personal Care" client and of $150.00 each time Plaintiff signed up a "Waiver" client.

53. Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

54. All of the commission Plaintiff earned should be included in the regular rate when calculating Plaintiff's overtime pay.

55. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### B.   Breach of Contract

56. At the beginning of Plaintiff's employment, she signed an "RN Supervisor Hire Agreement" which stated that she would receive a $100.00 commission when she signed up a "Personal Care" client and a $150.00 commission when she signed up a "Waiver" client.

57. Plaintiff signed up both Personal Care clients and Waiver clients, but she did not receive any commissions.

58. Plaintiff estimates she is owed $1,700.00 in commissions.

59. Additionally, under the RN Supervisor Hire Agreement, Plaintiff was entitled to a $40.00 bonus each time she performed an in-home assessment.

60. Plaintiff performed multiple in-home assessments for which she was not paid. Specifically, Defendant refused to pay Plaintiff for in-home assessments that did not result in a new client, even though the contract does not predicate the assessment bonus

on signing up a new client. The relevant portion of the contract states only, "I [Kim Mayo] will also receive $40.00 for each RN in-home assessment performed."

61. Plaintiff estimates she is owed approximately $300.00 in unpaid assessment bonuses.

62. Defendants failed to perform under the contract by not paying Plaintiff for commission or bonuses she earned.

63. The RN Supervisor Hire Agreement also allows Plaintiff two weeks of paid time off ("PTO") per year, provided the PTO is approved by the appropriate supervisor.

64. Plaintiff took a day of vacation after receiving approval from the appropriate supervisor but was never paid for that day of PTO.

65. Plaintiff estimates she is owed approximately $120.00 in PTO.

66. Defendant failed to perform under the contract by not paying Plaintiff her PTO.

67. Defendants are competent parties, capable of entering into a contract.

68. Plaintiff has fully complied with her obligations under the contract.

69. There is no basis for Defendants' refusal to comply with the terms of the parties' contract.

### V.     FIRST CLAIM FOR RELIEF—FLSA Violation

70. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

71. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

73. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

74. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

75. Defendant failed to pay Plaintiff for all hours worked, including 1.5x her regular rate for all hours worked in excess of 40 hours per week.

76. Defendant knew or should have known that its actions violated the FLSA.

77. Defendant's conduct and practices, as described above, were willful.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

79. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

80. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI. SECOND CLAIM FOR RELIEF—AMWA Violation

81. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

82. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

83. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

84. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

85. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

86. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

87. Defendant knew or should have known that its practices violated the AMWA.

88. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

89.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

### VII.  THIRD CLAIM FOR RELIEF—Breach of Contract

90.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

91.  Defendants entered into a contract with Plaintiff whereby Plaintiff agreed to perform certain duties and Defendants agreed to compensate Plaintiff for her performance of those duties.

92.  Defendants failed to comply with their obligations under the contract by failing to pay Plaintiff commissions, bonuses and PTO.

93.  Plaintiff was damaged by Defendant breach in the approximate amount of $2,120.00.

94.  Defendants' failure to pay the commissions, bonuses and PTO as agreed was willful and in bad faith.

95.  By reason of the breach of contract alleged herein, Defendants are liable to Plaintiff for monetary damages in the total amount of commissions and bonuses earned less any actually paid, plus prejudgment and post-judgment interest, as well as costs, including reasonable attorneys' fees as provided for by the parties' agreement.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kimberly Mayo respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.  Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.  Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C.  Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D.  Judgment for monetary damages, including prejudgment and post-judgment interest, for Defendants' breach of contract;

E.  An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF KIMBERLY MAYO**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Blake Hoyt
Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com